

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00314-CV

———————————————

IN THE INTEREST OF A.W., A CHILD

---

On Appeal from the 325th District Court
Tarrant County, Texas
Trial Court No. 325-679062-20

---

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Womack

# MEMORANDUM OPINION

In a prior appeal, Appellant C.W. (Father) appealed the termination of his parental rights to his daughter, Amanda, and Amanda's mother (Mother) likewise appealed the termination of her parental rights.[1] *See In re A.W.*, No. 02-21-00058-CV, 2021 WL 3204955, at *1 (Tex. App.—Fort Worth July 29, 2021, pet. denied) (mem. op.). In our previous opinion, we deleted a finding that Mother's parental rights should be terminated based on Subsection (R) of Section 161.001(b)(1) of the Texas Family Code, and we affirmed the trial court's judgment as modified. *Id.* at *15; *see* Tex. Fam. Code Ann. § 161.001(b)(1)(R). Our mandate in that appeal issued on December 17, 2021.

After our mandate issued, Father, appearing pro se, went back to the trial court that had terminated his parental rights and filed the following two motions in the same cause number as his termination case: (1) "Motion Requesting Production of Documents" and (2) "Motion for Leave to Proceed in Forma Pauperis" pertaining to his ability to proceed on his "Motion Requesting Production of Documents." On April 11, 2022, the trial court signed written orders denying both of Father's motions.

---

[1]We use aliases to refer to the child and her parents. *See* Tex. Fam. Code Ann. § 109.002(d); Tex. R. App. P. 9.8(b)(2).

On August 9, 2022, Father filed his notice of appeal complaining about the trial court's April 11, 2022 orders denying his two motions.[2]

On August 19, 2022, we notified Father of our concern that we lack jurisdiction over this appeal because the orders he appeals from did not appear to be final judgments or appealable interlocutory orders. We also notified Father of our concern that we lack jurisdiction over this appeal because his notice of appeal was untimely filed. *See* Tex. R. App. P. 26.1. We informed Father that unless he or any party desiring to continue the appeal filed a response by August 29, 2022, showing grounds for continuing the appeal, we could dismiss it for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 44.3. We have received no response.[3]

Generally, appeals may be taken only from final judgments or interlocutory orders that are authorized by statute. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195, 200 (Tex. 2001). Here, Father attempts to appeal two orders that were entered in the trial court after a final judgment had been entered and after our mandate had issued.

---

[2]While filed on August 9, 2022, Father's notice of appeal was dated July 31, 2022.

[3]After we sent our jurisdiction letter, we received correspondence from Father that was dated August 9, 2022—ten days before we sent our jurisdiction letter. That correspondence had a certificate of service stating that it was mailed to our court on August 16, 2022—three days before we sent our jurisdiction letter—in addition to containing other documents dated August 16, 2022. That correspondence does not address our jurisdictional concerns.

Father has pointed us to no authority for the proposition that the two orders from which he attempts to appeal are appealable, and we have found none.

Moreover, even if the trial court's denials of Father's motions were appealable, Father's notice of appeal was untimely. "[T]he time for filing a notice of appeal is jurisdictional in this court, and absent a timely-filed notice of appeal[,] . . . we must dismiss the appeal." *In re Guardianship of Fulbright*, No. 02-16-00230-CV, 2016 WL 4395804, at *1 (Tex. App.—Fort Worth Aug. 18, 2016, no pet.) (per curiam) (mem. op.); *see* Tex. R. App. P. 25.1(b); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). Generally, a notice of appeal must be filed within thirty days after the appealable judgment or order is signed, unless the appellant files a qualifying post-judgment motion to extend the deadline. Tex. R. App. P. 26.1. Here, the complained-of orders were signed on April 11, 2022. Because no post-judgment motion was filed to extend the appellate deadline, to the extent that the orders were appealable, Father's notice of appeal was due May 11, 2022, but Father did not file his notice of appeal until August 9, 2022. *See id.* Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

/s/ Dana Womack

Dana Womack
Justice

Delivered: October 6, 2022